## Pennsylvania Mining Company v. Smith, Appellant.

*Contract—Option—Sale of coal—Declaration of option—Time as of essence of contract.*

Where an option to purchase coal is to extend only to a date mentioned and the option to buy is accepted within the time named, the transaction becomes an absolute sale in which the time of payment of the purchase money is not made the essence of the contract by the parties. Failure to pay the purchase money on the date mentioned for the expiration of the option does not of itself work a revocation of the contract ; nor can the vendor on that date by tendering a deed and demanding payment put himself in a position to then and there declare the contract null and void if the purchase money is not paid.

Argued Oct. 22, 1903. Appeal, No. 172, Oct. T., 1903, by defendant, from decree of C. P. Washington Co., No. 1239, dismissing exceptions to adjudication in case of Pennsylvania Mining Company v. W. J. Smith. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for specific performance.

The case appears by the final opinion of McILVAINE, P. J., which was as follows :

The acceptance of the option by the plaintiff company on March 13, 1900, was the consummation of a binding contract for the sale of the coal in question. After that date the parties sustained to each other the same relation as if a written article of agreement dated March 13, 1900, had been executed by them wherein the defendant W. J. Smith " bound himself, his

heirs, executors and administrators to sell and convey by good and sufficient assurance in law " to the plaintiff, the Pennsylvania Mining Company, the tract of coal in dispute at the price of $35.00 per acre, the purchase money to be paid in cash on March 27, 1900, upon the delivery of a good and sufficient assurance in law.

There is nothing in the option that makes the time of the payment of the purchase money (if the option is accepted in time) an essential feature of the contract so that if payment is not made on or before March 27, 1900, the contract is thereby rendered null and void. The option to purchase was to extend only to March 27, 1900, and as to the exclusive right to buy, time was of the essence of the contract, but the option to buy having been accepted within the time named, it became an absolute sale in which the time of payment of the purchase money is not made the essence of the contract by the parties. This being the case, the failure of the plaintiff company to pay the purchase money on March 27, 1900, did not of itself work a revocation of the contract that became absolute when the company elected to purchase the coal and so notified the defendant.

Neither could the defendant on the afternoon of March 27, 1900, by tendering a deed and demanding payment put himself in position to then and there declare the contract null and void if the purchase money was not paid at the very hour he demanded it. This would be to change the contract and to make the time of payment of the purchase money the essence of the contract. And without doubt this would be so if his tender of a deed or his offer of performance was not in accordance with the terms of his contract and his coal was incumbered of record with liens either valid or invalid. To say that he was able and proposed to have the liens removed is not enough. His duty was to tender a good and sufficient assurance in law and this before he could even claim the payment of the purchase money, much less declare the contract null and void.

Some complaint was made at the argument, of the plaintiff's delay in attempting to make its formal tender of performance and of the character of that tender. We do not see how these matters can affect the decision in this case. The defendant expressly notified the plaintiff company on March 27, 1900,

that he revoked the contract and at the time the tender was attempted he again set up the claim that no contract existed between him and the plaintiff company since that date. On March 27, 1900, the parties joined issue on the question now in dispute and after the notice the defendant then served on the plaintiff company a formal tender was not really necessary before it could bring suit. If his notice of revocation was not effective, he has no defense, and if it was, then we have made a mistake in our decision.

And now September 19, 1903, exceptions overruled, and decree for conveyance as prayed on payment of the agreed price.

*Error assigned* was decree awarding specific performance.

*T. F. Birch*, with him *T. Jeff. Duncan*, for appellant.

*John G. MacConnell*, with him *John W. Donnan* and *Alvan Donnan*, for appellee.

PER CURIAM, November 9, 1903:

This decree is affirmed on the final opinion of the court below.