## Taylor, Appellant, v. Hartman.

Argued March 25, 1952. Before DREW, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Cyril T. Garvey,* with him *Martin E. Cusick* and *Wiesen, Cusick & Madden,* for appellant.

*John R. Boland, Jr.,* with him *Thomas H. Armstrong,* for appellees.

OPINION BY MR. JUSTICE CHIDSEY, April 14, 1952:

This appeal is from an order of the Court of Common Pleas of Mercer County dismissing a bill for specific performance.

The controversy centers in an option executed by the defendants, Joseph Hartman and wife on November 26, 1949 which gave plaintiff W. B. Taylor (referred to in the agreement as the "party of the second part") the right to buy from the defendants 30 acres of land in Mercer County. The option contained the following terms and conditions: ". . . the party of the second part shall *exercise* the within option within sixty (60) days from date of the within option; the said *purchase price* to be paid by the party of the second part to the parties of the first part for said described land in the sum of Ten Thousand ($10,000.00) Dollars; if the party of the second part does not *exercise* the within option within said sixty (60) days then this agreement to be null and void." (Emphasis supplied).

Plaintiff, being interested in the land for its sand content, went there on December 6, 1949 while one Gibbs was digging test holes. At that time, according to the findings of fact by the chancellor, Taylor said to Hartman, "I'm going to take this." Gibbs then asked, "Well, how about the test from the State Highway?" Taylor replied, "Regardless of whether it passes their specifications or not, I'm going to use my own judgment. I think it's all right. I'm going to take it." About Christmas, 1949 the plaintiff offered the defend-

ants $500 to $1,000. Defendants declined to accept the partial payment stating, "No, we'll not take any, we'll get everything in shape and then clean 'all our business up at one time."

The option on its face expired on January 25, 1950. On February 2, 1950, defendants sent a written notice to the plaintiff that the option had expired. On February 10, 1950 plaintiff offered to pay the full purchase price.

An option is an offer and when accepted there is a valid and binding contract: *Phillips et ux. v. Tetzner,* 357 Pa. 43, 45, 53 A. 2d 129. No particular form of acceptance is necessary in the absence of a provision to that effect in the option: *Detwiler et al. v. Capone et ux.,* 357 Pa. 495, 500, 55 A. 2d 380. There can be no doubt that under the facts above described plaintiff accepted the option[1] unless, as the lower court concluded and the appellees argue, acceptance included the payment or tender of the purchase price.

Where payment of the purchase price is expressly made a condition of the acceptance of the option, this term is, naturally, enforced: *McBride's Estate,* 267 Pa.

---

[1] Plaintiff's words on December 6, 1949, "I'm going to take it." cannot properly be construed as an indication of a future intention rather than a present acceptance: See *Detwiler et al. v. Capone et ux.,* supra, where this Court, speaking through Chief Justice MAXEY, said of the word "desire" at pp. 500, 501, "The court below construed the word 'desire' employed by plaintiffs in their letter to defendant as indicative of 'future contemplated action' on their part. This construction is captious. We do not believe that appellees' had any doubt of plaintiffs' intention to exercise the option when notified that plaintiffs 'now desire to exercise the option'." That appellees in the present case considered plaintiff's words an acceptance and not a future contemplated action is manifest from their refusal of part payment, not on the ground that there had been no unequivocal acceptance, but because they wanted to wait and "clean" it all up at one time.

250, 110 A. 149. But where the payment of the purchase price is not provided as necessary to the exercise (or acceptance) of the option and no time is specified for the payment of the price, payment is separate from acceptance. The acceptance in such circumstances must be within the specific time allowed by the option; payment must be within a reasonable time: *Pennsylvania Mining Company v. Martin*, 210 Pa. 53, 59 A. 436; *Atlas Portland Cement Co. v. American Brick & Clay Co. et al.*, 280 Pa. 449, 124 A. 650.

With these general principles in mind we turn now to a consideration of the agreement in dispute. This agreement provides that the optionee must "exercise" it "within sixty (60) days." It then provides that "the said *purchase price* to be paid" shall be "the sum of Ten Thousand ($10,000.00) Dollars." Nothing in this clause which deals with the purchase price leads to the conclusion that either payment or tender had to be made *within sixty days*. The option then concludes with the statement that if the optionee does not *"exercise"* the option within sixty days, the agreement shall be null and void.

This case is analogous to cases in which no time has been expressed in the option for the payment of the purchase price. Such cases are: *Pennsylvania Mining Company v. Smith*, 207 Pa. 210, 56 A. 426; *Pennsylvania Mining Company v. Martin*, supra; *Atlas Portland Cement Co. v. American Brick & Clay Co. et al.*, supra. Cases cited by the appellees, on the other hand, are those in which the option agreement *expressly provided* for the time for payment and since the optionee did not comply with such term of the agreement, specific performance was refused.

Since we have concluded that there is no ambiguity in the agreement, it becomes unnecessary to rely either upon the contention of the plaintiff that any ambiguity

should be resolved against the optionor who drafted the agreement or the argument of the defendants that oral testimony of the intention of the parties to the agreement shows that payment was necessary in order for the plaintiff to accept the option.

Decree reversed with direction to the court below to enter a decree in accordance with this opinion. Costs to be paid by the appellees.