Cosgrove, Appellant, v. Kappel.

Argued January 5, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*James E. O'Neill, Jr.*, for appellant.

*John O. Platt, Jr.*, with him *MacElree, Platt & Marrone*, for intervenor, appellee.

OPINION BY MR. JUSTICE COHEN, March 13, 1961:

The appellee, Albert P. Kappel, being the owner of a certain tract of land located in Chester County, Pennsylvania, granted an option to the intervenor, Harold L. Wilson, to purchase the land. The terms of the option were contained in a letter and provided that in consideration for the placing of a certain mortgage Kappel gave to Wilson an option to pur-

chase the mortgaged property at any time during the term of either three or five years depending upon the terms for which the mortgage is originally written. "The purchase price shall be $80,000.00 payable $8,000.00 at the time the option is exercised and the balance in cash at settlement. The option shall be exercised by written notice sent . . . together with check for $8,000.00 on account of the purchase price and settlement shall be made within ninety days from the date the option is exercised. . . . A commission of $2,000.00 shall be paid . . . to Walter F. Off when option is exercised and settlement completed."

On August 3, 1959 when the option was unexercised and still outstanding, Albert P. Kappel entered into an agreement of sale for the same premises to the appellant, Paul Cosgrove. The agreement executed between Kappel and Cosgrove recognized the existence of the unexercised option extending from Kappel to Wilson and providing, "There is presently outstanding an option to sell the within premises in favor of one, Harold L. Wilson, and the said option expires on August 5, 1959. It is understood that this Agreement is made subject to the rights of the said Harold L. Wilson."

On August 5, 1959, Wilson wrote a letter to Kappel and executed the option in the manner provided for in the option agreement with Kappel. An agreement was then executed by Wilson and Kappel for the sale and purchase of the premises. This agreement provided for the payment of the consideration as required in the option but stated that settlement should be made "one year from date" of the agreement instead of the ninety days required for settlement in the option.

Appellant instituted this bill in equity for specific performance and contends that since the ninety days for settlement was a requirement of the proper exer-

cise of the option, the subsequent exercise of the option was not in strict conformity with its terms and that he, as the holder of an agreement of sale subject only to the prior "unexercised" option, is therefore entitled to the property. The lower court disagreed with this contention and so do we.

The option was properly exercised when the optionee, in accordance with the terms of the option, sent written notice and a check for $8,000.00. Payment of the remainder of the purchase price (settlement) is separate and distinct from the exercise of *this* option. *Taylor v. Hartman,* 370 Pa. 146, 87 A. 2d 785 (1952). Time is not of the essence in respect to the settlement date of an option contract, Corbin, Contracts, §273 (1950), and thus Wilson's rights included the right to renegotiate, in good faith, a reasonable extension of the settlement date. The subsequent agreement of sale was expressly subject to that right exercised by Wilson. Cosgrove therefore is not entitled to specific performance.

Decree affirmed at appellant's cost.

Mr. Justice BELL dissents.