Paul KUHN, Plaintiff and Respondent,

v.

Echo HAMILTON, Lyle Spicer, Carol Spicer, Emil Bourgois, and all other persons unknown claiming any interest in, or lien or encumbrance upon the property described in the Complaint, Defendants,

and

Echo Hamilton, Defendant and Appellant.

No. 8014.

Supreme Court of North Dakota.

Sept. 17, 1962.

William C. Kelsch, Mandan, for plaintiff and respondent.

Rausch & Chapman, Bismarck, for appellant, Joseph Coghlan, Bismarck, of counsel.

MORRIS, Judge.

This is an appeal by the defendant Echo Hamilton from a judgment rendered in favor of the plaintiff after a trial to the court without a jury. A trial de novo is demanded. The court quieted title in the plaintiff and awarded him a judgment against the appellant for $1,320 rent for the premises in question.

The appellant pleaded and contends that on April 25, 1958, she entered into a con-

tract in writing with the plaintiff whereby she bought certain store fixtures located in the building on the premises in question and that it was also agreed in the contract that she should rent the building from the plaintiff for $60 per month for the first six months, and $75 per month thereafter, with an option to purchase the property at any time within one year, the rent paid to the date of purchase to be credited on the purchase price of $4,500. There appears to be no dispute regarding the written contract which is signed by the plaintiff and his wife as first parties and by the appellant as party of the second part. However, the appellant contends that on or about January 1, 1959, she exercised her option and became purchaser of the premises and thereafter made certain payments thereon; that she later tendered the balance of the purchase price and at the trial again tendered and offered to pay the balance due.

There is no dispute regarding the fixtures. The portion of the contract that gives rise to this controversy reads as follows:

"The second party shall have, and hereby has, an option to purchase said store building for $4,500.00 at any time within one year from date of this contract, and shall have the right to apply all rents paid for use of the building on the purchase of same. The first parties agree to throw in all of the little grocery items now on the shelves in said store, without inventory. The first parties agree to keep the said Kuhn store building in good repair and working order during the one year of the pending option to purchase by first party."

Although the plaintiff's wife appears as a party to the agreement, the record shows that the title to the property is in the plaintiff alone.

The appellant took possession of the premises at the time the contract was made and has operated a grocery store therein up to the present time. Appellant testified that on January 2, 1959, she had a conversation with the plaintiff and told him that she had decided to buy the building. He told her that he wanted cash for the balance that would be due on the purchase price because he was going to buy other property. She told him she would try to raise the money. A few days later they had another conversation. She told him she could not get a loan but would try to sell her shop in Bismarck and make payments as best she could and if he wouldn't agree to that she would take the groceries out and move to Bismarck. He then said, "O.K. I will go along with you on it, we will let it go this way, we will start the payments on the building and we will go along and see what we can do." She did not move out but continued to make the payments of $75 per month as specified in the contract. She contends that these conversations coupled with his acts in continuing to receive the payments constituted an exercise of the option to purchase on her part and his acquiescence therein. In support of this contention and in corroboration of her testimony, the appellant introduced in evidence eight receipts written by plaintiff and given to her when the payments were made. They are dated at approximately monthly intervals from January 2, 1959 to August 3, 1959, inclusive. They were made by filling out printed receipt blanks that were originally rent receipts but in all of them the printed word "rent" was stricken out. On the receipt of January 2, "Payment on Building" was written in. The receipts of February 2, March 4, and April 2 contain similar insertions. The receipt of May 1 says "Building." The next three receipts contain only the name of the month written on a blank line immediately following the stricken word "rent." In the receipts for the months of September, 1959 to March, 1960 the word "rent" was not stricken out and no reference was made to the building.

In April, 1960 the appellant tendered the plaintiff the sum of $100, which he refused.

Her attorney then deposited the money in a bank in Mandan to the plaintiff's account. On April 27, 1960 her attorney deposited to plaintiff's account an additional $200 as payment on the store building and notified the plaintiff of this deposit. The plaintiff testified that he refused to receive the deposits on the purchase price but later applied them on rent that was due. Under date of April 29, 1960 the plaintiff notified the appellant in writing of the termination of her rental of the premises effective May 31, 1960, and demanded surrender of possession. He further stated in the notice that he acknowledged her deposits of $300, which he refused to accept towards the purchase price of the property because of the expiration of her option on April 23, 1959, and that he was holding subject to her order the sum of $125, being the excess of the $300 deposit over and above the rent due. On May 27, 1960 the appellant mailed the plaintiff a bank draft for $2,654.07, with the statement that:

"This will complete the purchase price on the Kuhn Store building."

He promptly mailed the draft back to her. At the close of the trial the appellant tendered to the plaintiff the sum of $2,712.60.

The plaintiff denies that in January, 1959, or at any time during the first year of her tenancy, he had any conversation with the appellant concerning her exercise of the option to purchase or that she told him that she was exercising the option. Prior to January, 1959 he gave her receipts designating the payments as rent. He gives no explanation of why he designated five payments beginning in January, 1959 as payments on the building and struck out the word "rent" on the receipts for June, July and August.

The wording of the receipts when coupled with her testimony that "I told him I had discussed the situation and the business of the store as we had got it built up to and that we had decided to buy the building at that time, as it was worth keeping, we were going to go along and buy the building from him" leads us to the conclusion that in January, 1959, when the conversation was had and the first receipt indicating a payment on the building was issued, the appellant did exercise her option to buy the premises and that the plaintiff acquiesced therein and accepted the January, 1959 payment not as rent but as a payment on the building.

The plaintiff lays great emphasis on the fact that the appellant has not paid for the building. He seems to assume that in order to exercise her option to purchase she must tender the payment of the full purchase price. This is clearly not the law applicable to this option. It was entirely silent as to the time and manner of payment. Payment was not made a condition to the exercise of the option which was effected by her acceptance of the offer to sell contained in the lease.

■ In Horgan v. Russell, 24 N.D. 490, 140 N.W. 99, 43 L.R.A.,N.S., 1150, we held that acceptance of an offer or option which results in a contract and the performance of the contract so brought into being are different matters. This court quoted from Breen v. Mayne, 141 Iowa 399, 118 N.W. 441, at some length with respect to the difference between an option which is conditioned on the payment or tender of the purchase price and one where acceptance is not conditioned on payment. With regard to the latter it is said:

"On the other hand, there are many cases where the option may be exercised in parol or by any other method indicating an election to take the land —the payment of the purchase price and the making of the deed being subsequent matters in performance of a binding contract. In the one case there is an election to sell upon payment of the purchase price, which is a condition precedent to the foundation of the contract; and on the other, there is an election to take the land

upon the terms proposed; payment of the purchase price being a condition subsequent, or rather the performance of an executory contract theretofore entered into."

This seems to be in accord with the general rule. 55 Am.Jur., Vendor and Purchaser, Section 41. A more recent case in line with the foregoing reasoning is Taylor v. Hartman, 370 Pa. 146, 87 A.2d 785, wherein it is held that where payment is not expressly a condition of an option and no time for payment is specified, the matter of payment is separate from acceptance and while acceptance under such circumstances must be within the time allowed by the option, payment may be made within a reasonable time.

■ In this case we have not only an unspecified time for payment but the acceptance by the plaintiff of monthly payments of $75 as payments on the building. The conclusion is inescapable that the appellant exercised her option to purchase within the time provided in the lease, that the plaintiff acquiesced in that acceptance by applying monthly payments as payments on the building and that the relationship between the parties was changed from that of landlord and tenant to that of vendor and purchaser.

This action is primarily one to quiet title. The plaintiff seeks to have title quieted in him against the appellant, who answered, and three other defendants, who defaulted. The appellant in her answer asks that the plaintiff's complaint be dismissed, that title to the store building be quieted in her, and that she be adjudged to be the owner thereof. She also offers to pay the balance of the purchase price on the building. We have determined that the status of the plaintiff and the appellant is that of vendor and a purchaser in possession under a contract which does not provide the time of payment. The total purchase price is due with a substantial balance remaining unpaid. The plaintiff is entitled to a judgment quieting title in him subject to the contract to sell to the appellant. She is not entitled

to a decree quieting title in her favor but she is entitled to an opportunity to complete the purchase by tendering the balance due under her contract within the time to be fixed by the court. This controversy cannot be finally determined without further proceedings in the district court.

The judgment appealed from is reversed and the case remanded to the district court with directions to determine the amount due the plaintiff as the balance of the purchase price of the real property herein involved and fix a reasonable time within which payment thereof shall be tendered to the plaintiff. On proof of such tender judgment shall be entered quieting title in the appellant. If the appellant shall fail to make the tender within the time specified by the court, judgment shall be entered quieting title in the plaintiff.

SATHRE, C. J., and STRUTZ, TEIGEN and BURKE, JJ., concur.