Paul KUHN, Plaintiff and Respondent,

v.

Echo HAMILTON, Lyle Spicer, Carl Spicer, Emil Bourgois, and all other persons unknown claiming any interest in, or lien or encumbrance upon the property described in the complaint, Defendants,

Echo Hamilton, Defendant and Appellant.

No. 8247.

Supreme Court of North Dakota.

Nov. 29, 1965.

Rausch & Chapman, Bismarck, for appellant.

Kelsch & Wise, Mandan, for respondent.

ERICKSTAD, Judge.

This is an appeal by the defendant, Echo Hamilton, from a judgment for $814.99 ordered by the District Court of Morton County in favor of the plaintiff, Paul Kuhn. Trial de novo is demanded.

This is the second time that these parties have been before the Supreme Court in connection with the same contract. In August 1960 Mr. Kuhn brought an action in district court to quiet title to certain real estate situated in Morton County. Mrs. Hamilton, in her answer, asked that the complaint be dismissed and that she be adjudged to be the owner of the property. The trial court quieted title in Mr. Kuhn and awarded him a judgment against Mrs. Hamilton for $1,320 for rent of the premises in question. In reversing the decision of the trial court and remanding the case, this court said:

* * * We have determined that the status of the plaintiff and the appellant is that of vendor and a purchaser in possession under a contract which does not provide the time of payment. The total purchase price is due with a substantial balance remaining unpaid. The plaintiff is entitled to a judgment quieting title in him subject to the contract to sell to the appellant. She is not entitled to a decree quieting title in her favor but she is entitled to an opportunity to complete the purchase by tendering the balance due under her contract within the time to be fixed by the court. This controversy cannot be finally determined without further proceedings in the district court.

The judgment appealed from is reversed and the case remanded to the district court with directions to determine the amount due the plaintiff as the balance of the purchase price of the real property herein involved and fix a reasonable time within which payment thereof shall be tendered to the plaintiff. On proof of such tender judgment shall be entered quieting title in the appellant. If the appellant shall fail to make the tender within the time specified by the court, judgment shall be entered quieting title in the plaintiff.

Kuhn v. Hamilton, 117 N.W.2d 81, at 84 (N.D.1962).

The part of the contract pertinent to this appeal reads as follows:

THIS CONTRACT AND AGREEMENT, made and entered into this 23 day of April 1958, by and between Paul Kuhn and Gertrude E. Kuhn, owners of the Kuhn Grocery, located at 708-SW 3rd, Mandan, North Dakota, parties of the first part, and Echo Hamilton of Bismarck, North Dakota, party of the second part:

WITNESSED: That whereas said first parties are desirous of selling the grocery store and fixtures located at the above described location, and known as the Kuhn Grocery, and whereas said second party wishes to purchase same, the said parties have agreed as follows: said second party shall purchase the fixtures in said grocery for the price of $2500.00 and shall pay down on such purchase the sum of One thousand four hundred dollars $1,400.00. The unpaid balance on such purchase price shall draw interest at the rate of four per cent from and after May 1, 1958. The second party agrees to commence making payments on the balance due on the fixtures within six months from the date of this contract, and shall then pay at least $25.00 per month on same. The second party shall pay a rental for the store building of $60.00 per month for the first six months and $75.00 per month thereafter. The second party shall have, and hereby has, an option to purchase said store building for $4,500.-00 at any time within one year from date of this contract, and shall have the right to apply all rents paid for use of the building on the purchase of same.

The first parties agree to throw in all of the little grocery items now on the

shelves in said store, without inventory. The first parties agree to keep the said Kuhn store building in good repair and working order during the one year of the pending option to purchase by first party [second party].

On remand the balance of the principal of the purchase price of the real estate and the amount of the real estate taxes paid by Mr. Kuhn since the date of the contract were stipulated by the parties and paid by Mrs. Hamilton to Mr. Kuhn. The unpaid balance of the principal was computed to be $2,565; the taxes were $611.64. The issues remaining before the trial court were: whether Mrs. Hamilton was obligated to pay interest on the diminishing balances of the purchase price of the real estate; whether she was obligated to pay interest on the money paid for real estate taxes; and whether she was obligated to pay the cost of the insurance premiums on the store building plus interest on the money spent for the premiums from the date of the contract.

The trial court found that $489.78 in interest accrued on the diminishing balances of the purchase price of the real estate, computed at 4 per cent per annum from January 2, 1959, to January 25, 1963, the date of payment of the principal; that $48.72 in interest accrued on the money paid for real estate taxes on the premises for the years 1959, 1960, and 1961, computed at 4 per cent per annum from January 1, 1960, to January 25, 1963, the date of payment of the principal sum of the taxes; and that insurance premiums on the premises for the years 1959, 1960, 1961, and 1962, and interest thereon at 4 per cent per annum amounted to $257.08, computed to September 10, 1964. Judgment was therefore ordered by the trial court in the sum of $795.58 plus interest thereon of $19.41, for a total judgment of $814.99.

█ As that part of the contract relating to the option to purchase the real estate did not contain a reference to interest, we agree with the trial court that §§ 47–14–03 and 47–14–05, N.D.C.C., control.

47–14–03. Loan presumes interest.— Whenever a loan of money is made, it is presumed to be made upon interest unless it is expressly stipulated otherwise in writing at the time it is made.

\* \* \* \* \* \*

47–14–05. Legal rate of interest— Interest after maturity.—Interest for any legal indebtedness shall be at the rate of four per cent per annum unless a different rate not to exceed the rate specified in section 47–14–09 is contracted for in writing. All contracts shall bear the same rate of interest after maturity as they bear before maturity, and any contract attempting to make the rate of interest higher after maturity shall be void as to such increase of interest.

North Dakota Century Code.

That being the case, unless the tender or the offer in open court made by Mrs. Hamilton stopped the running of the interest, Mr. Kuhn was entitled to receive interest on the diminishing balances of the purchase price of the real estate from the date the option was exercised to the date of the payment of the principal sum thereof.

On May 27, 1960, Mrs. Hamilton tendered payment of $2,654.07 by mailing her check for that amount to Mr. Kuhn, contending that this was the balance due of the purchase price of $4,500, less $58.53 expended for repairs to the store building. The offer was rejected and the check was returned. On May 4, 1961, at the original trial of the quiet title action, Mrs. Hamilton offered in open court to pay the sum of $2,712.60. This was the same figure contained in the tender, without the deduction of $58.53 for repairs.

In that connection, we note that neither the tender of the sum of $2,635.07 made on May 27, 1960, nor the offer to pay $2,712.60 made in open court on May 4, 1961, included interest from January 2, 1959, the date determined by this court on the first appeal to be that on which Mrs. Hamilton exercised

her option to purchase the property. Both merely included interest from May 1, 1959, rather than from January 2, 1959. The offer in open court did not include interest for the period between May 27, 1960, and May 4, 1961. The tender was not of the full obligation nor was the offer in court an offer to fully perform.

Neither in the case of the tender nor in the case of the offer in court was a deposit of funds in a bank in the name of the creditor made. In this connection, the following sections of our code have been brought to our attention:

9–12–17. Refusal of offer—Production unnecessary.—The thing to be delivered, if any, need not in any case actually be produced upon an offer of performance unless the offer is accepted.

\* \* \* \* \* \*

9–12–24. Deposit extinguishes obligation.—An obligation for the payment of money is extinguished by a due offer of payment if the amount immediately is deposited in the name of the creditor with some bank of deposit of good repute within this state, and notice thereof is given to the creditor.

9–12–25. Offer and deposit—Results.—An obligation for the delivery of money or property or for the conveyance of property is not discharged by an offer of performance, nor are any of its incidents affected thereby, unless:

1. If the thing offered is money, the same is deposited according to the provisions of section 9–12–24 and notice of such deposit is given to the creditor;

2. If the thing offered is something other than money, the same is deposited for the creditor with some depositary of good repute at the place of performance and notice of such deposit is given to the creditor.

After such deposit and notice, the thing deposited shall be at the risk and expense of the creditor.

North Dakota Century Code.

■ Our view is that, as the tender was not of the full obligation and the offer in court was not an offer of full performance, the cited statutes do not apply.

Section 9–12–18, N.D.C.C., at first reading seems to support the purchaser's argument that the tender or the offer in court stopped interest from running, as no objection was made to the mode of the offer.

9–12–18. Offer of performance—Mode—Waiver of objections.—The creditor must make objections to the mode of an offer of performance at the time it is made to him. If this is not done, any objection which could have been obviated at that time is waived by his failure to make the same.

North Dakota Century Code.

■ We have said, however, that an obligation is not extinguished by an offer of partial performance. See Schaff v. Kennelly, No. 11 of the syllabus, 61 N.W. 2d 538 (N.D.1953). In this case the objection was not to the mode but to the amount of the offer. The amount being insufficient, it was not necessary to object to the mode.

■ If the taxes were a proper obligation of the purchaser, and the purchaser now has apparently agreed that they were (as she has now paid the seller for money expended for the real estate taxes incurred during her possession of the premises), the amount of tax liability to the date of tender or offer, plus interest thereon, should have been included in the tender or the offer.

As neither the tender nor the offer made in open court included any sum of money for the real estate taxes on the premises paid by Mr. Kuhn while Mrs. Hamilton was in possession or for interest on that

money, the tender and the offer in open court were that much less a tender of the full obligation or an offer of complete performance.

 The remaining question is whether the purchaser, Mrs. Hamilton, should be required to pay to the seller the cost of insuring the premises for the period she was in possession of the premises, plus interest thereon.

Under the circumstances, in which it appears and is undisputed that both parties insured the premises against the same losses and in which the contract was silent as to insurance, it would be inequitable to penalize the purchaser by requiring her to pay the insurance costs twice. Having failed to provide for the payment of insurance in the contract (and our statutes being silent on the matter), the seller cannot now compel the purchaser to pay his insurance costs.

The judgment of the trial court is therefore reversed in part, and the case is remanded with instructions to modify the judgment in conformity with this opinion by granting interest at the rate of 4 per cent per annum on the diminishing balances of the purchase price and on the money paid for the real estate taxes but denying recovery for the cost of the insurance premiums and interest thereon.

BURKE, C. J., and TEIGEN, STRUTZ, and KNUDSON, JJ., concur.