STATE of North Dakota ex rel. Orville HAGEN, Commissioner of Labor, for the Benefit of Donald HOPFAUF, Plaintiff and Appellee,

v.

BISMARCK TIRE CENTER, INC., Defendant and Appellant.

Civ. No. 9127.

Supreme Court of North Dakota.

Oct. 6, 1975.

Richard P. Rausch, Bismarck, for defendant and appellant.

Robert P. Brady, Asst. Atty. Gen., Bismarck, for plaintiff and appellee.

PEDERSON, Judge.

This is an appeal by defendant, Bismarck Tire Center, from a judgment by the Burleigh County Court with Increased Jurisdiction for the plaintiff, State of North Dakota ex rel. Orville Hagen, Commissioner of Labor, for the benefit of Donald Hopfauf. The judgment awarded Hopfauf $132.30 for vacation accrued but unused at the time of his voluntary termination of employment. We affirm the judgment.

The parties submitted to the trial court an agreed statement of fact and a copy of defendant's vacation policy effective January 1, 1972. No testimony was taken. The trial court prepared a memorandum decision and made findings of fact, conclusions of law, and order for judgment.

Hopfauf was employed by Bismarck Tire Center from March 22, 1971, to April 14, 1973. He knew of the vacation policy, which provided as follows:

"Effective January 1, 1972, we have found it necessary to revise our vacation schedule operating procedure.

"The following basis will constitute paid vacations for you:

"1. An employee who has completed one full year of service receives one week of paid vacation.

"2. Two years of full service, an employee will receive two weeks of paid vacation.

"3. After 12 full years of service the employee will receive one additional paid week of vacation.

"4. The employee must take his vacation each year for the number of weeks he is eligible for vacation and unused vacation will not be carried over from year to year.

"5. When an employee is eligible for the 3rd week of paid vacation he has the option of only taking two weeks paid vacation and the employee can work the 3rd week and take cash in lieu of vacation.

"All vacation pay will from this effective date on be figured on the basis of *the average weekly earning* of the individual receiving paid vacation.

"In the future there will not be any accumulative days of leave for the number of days of service.

"Vacation periods cannot run concurrently without a substantial working period in between vacations. I must also point out that to be eligible for a paid vacation an employee must complete one full year of service, and likewise, for the second year, the full two years must be completed before he is eligible for two weeks paid vacation.

"Our vacation periods are January 1 through December 31. You may pick the time you want the vacation, however, you must clear it with your respective department manager, and vacations must be spoken for and applied for at least thirty days prior to taking the vacation."

Hopfauf did not give thirty days' notice of intent to use his accrued vacation but demanded vacation pay after he terminated his employment.

Bismarck Tire Center questions none of the findings of fact but challenges the trial court's conclusion that Hopfauf was entitled to vacation pay in lieu of vacation. Bismarck Tire Center argues that because Hopfauf voluntarily terminated his employment and failed to give the thirty-day notice to his employer, he is not entitled to vacation pay.

■ To the extent that the Bismarck Tire Center's vacation policy became a part of the employment contract when drafted and announced to the employees, without any bargaining, it is in effect a "contract of adhesion."[1]

In *Farmers Union Grain Terminal Ass'n. v. Nelson*, 223 N.W.2d 494, 497 (N.D.1974), we said:

"(1) A contract is construed most strongly against the party who prepared it, * * * (2) An agreement which is essentially a 'contract of adhesion' should be examined with special scrutiny by the courts to assure that it is not applied in an unfair or unconscionable manner

---

1. The term "contract of adhesion" arising from French civil law and similarly used in international law, was suggested as an expressive term worthy of a place in our legal vocabulary in 33 Harvard L.Rev. 222 to describe contract provisions drafted by one party and merely "adhered" to, with little choice, by the other party. This court applied the term to insurance contracts in *Bekken v. Equitable Life Assur. Soc.*, 70 N.D. 122, 293 N.W. 200, 212 (1940), and to grain purchase contracts in *Farmers Union Grain Terminal Ass'n. v. Nelson*, 223 N.W.2d 494, 497 (N.D.1974). See also, 53 Colum.L.Rev. 1072 (1953), and 43 Colum.L. Rev. 629 (1943).

against the party who did not participate in its drafting."

The contract provision on vacations as expressed in the vacation policy is read by Bismarck Tire Center as stating a condition precedent, to wit, requiring continuing employment and further requiring thirty days' advance notice. When we apply the rules from *Farmers Union Grain Terminal Ass'n. v. Nelson, supra,* we construe this contract provision to mean that (1) vacation is in effect additional wages, (2) a vested right in vacation accrues to the employee as earned, and (3) it would be a forfeiture of vested rights to deprive an employee of accrued vacation.

■ In the American Law Institute's Restatement of the Law of Contracts, § 261, it is said: "Where it is doubtful whether words create a promise or an express condition, they are interpreted as creating a promise; * * *"

■ Although we find no decision where this court has so held, the general rule is stated in 17A C.J.S. Contracts § 320, as follows:

"Forfeitures by implication or construction are not favored; and a construction entailing a forfeiture will not be given a contract unless no other construction is reasonably possible; where the contract is susceptible of two constructions, one of which will work a forfeiture and the other will not, that construction should be adopted which will prevent the forfeiture and preserve the rights of the parties, provided such construction is within the bounds of reason and fairness.

"The contract will not be construed to provide for a forfeiture unless it is clear, from the language thereof, that the parties intended so to provide; and even where there is a provision for a forfeiture, it will be strictly construed against the party who invokes it and for whose benefit it was inserted in the contract, even though another provision to which the forfeiture provision is annexed may be liberally construed for the purpose of determining whether or not it imposes an obligation for the breach of which an action for damages may be brought. The court will not give a strained construction to a contract, or extend the plain and ordinary meaning of the words employed therein, for the purpose of establishing or supporting a forfeiture. A provision intended to prevent a forfeiture will, on the contrary, be upheld if possible."

We hold that Hopfauf had a vested right in accrued, unused vacation; that he did not forfeit such right; and that the trial court properly awarded judgment in his favor. The judgment is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.