Sigurd Arnold HAUGLAND, a/k/a Arnold Haugland, Plaintiff, Appellee and Cross-Appellant,

v.

Duwayne HOYT and Gladys Hoyt, Defendants, Appellants and Cross-Appellees.

Civ. No. 9463.

Supreme Court of North Dakota.

July 6, 1978.

Rehearing Denied July 26, 1978.

David Garcia, Devils Lake, for appellants and cross-appellees.

Hovey & Bekken, Ltd., New Rockford, for appellee and cross-appellant; argued by John D. Hovey, New Rockford.

PEDERSON, Justice.

Duwayne and Gladys Hoyt (hereinafter Hoyt) appealed from a judgment of the district court compelling them to specifically perform an option contract requiring that they convey certain farmlands to Sigurd Haugland (hereinafter Haugland). Haugland, being aggrieved by a finding of fact that the transaction between them created an equitable mortgage, cross-appealed from that part of the judgment which accordingly required him to pay Hoyt interest charges for the five-year period involved. We affirm in part and reverse in part.

Hoyt and Haugland are brothers-in-law and both operated farms in Eddy County. In the fall of 1971, the failure of crops for two consecutive years had placed Haugland in a precarious financial position. He began negotiations with Hoyt which culminated in the deeding of approximately two quarter sections of Haugland's land to Hoyt and, in connection therewith, in the drafting of an option contract, which is set forth verbatim below:

### "OPTION CONTRACT

"KNOW ALL MEN BY THESE PRESENTS, That Duwayne Hoyt and Gladys Hoyt, husband and wife, of McHenry, N. D., owners, for and in consideration of the sum of One Dollar ($1.00) in hand paid, at or before the ensealing of these presents by Sigurd Arnold Haugland, buyer of McHenry, N. D., have agreed and do hereby agree that for a period of 5 years from the date hereof buyer shall have the first option to purchase the real property below described in the event owners should offer the same for sale. The purchase price to buyer shall be $31,717.00. It is further agreed that commencing 5 years from the date hereof and for a period of 90 days thereafter Buyer shall have an option and right to purchase the following described real property situate in the County of Eddy and State of North Dakota, to-wit:

The West Half (W ½) of Section Eighteen (18), Township One Hundred Forty-eight (148), Range Sixty-two (62) subject to easements and rights of way of record,

and owners agree to transfer the said property at any time within the time above prescribed by Warranty Deed, to the said buyer, or such person as the buyer may direct, at and for the price of $31,717.00 payable on the following terms:

To be paid in full at the time this option is exercised.

"If the buyer elects to purchase said property owner will furnish an abstract of title showing good and merchantable title free from all spread taxes, special assessments, liens and encumbrances except as follows:

No exceptions.

"In the event buyer exercises this option and purchases said land, the deed of conveyance to him shall restrict sale or transfer of the same by him for a period of 5 years, during which period of time buyer must till and operate said land himself and shall not lease or rent out the land.

"In the event buyer shall decide to purchase said property at the above price and terms within said time, then and in that case, the said amount paid for this option shall be credited upon the purchase price, but in the event the buyer does not conclude the purchase within the time prescribed, then and in that case, the said amount paid for this option shall be retained by the owner in full satisfaction for holding the property subject to the said order for the said time.

"It is provided, however, that in case there be any delay on the part of the owners in perfecting the title to said property for more than 30 days after the notice of election of the buyer to purchase the said property, then and in that case, the buyer reserves the right to cancel this option and receive back the consideration thereof, or to extend the time until said title is perfected.

"Dated this 13th day of January A.D. 1972.

/s/ Duwayne Hoyt
Duwayne Hoyt

/s/ Gladys Hoyt
Gladys Hoyt
Owner"

After five years had elapsed, a timely notice of an election to exercise the option to purchase was sent by Haugland to Hoyt. Hoyt refused to perform and a lawsuit followed. At the conclusion of the trial to the court, the following findings of fact were made:

"FINDINGS OF FACT

"I.

"That on or about January 13, 1972 Plaintiff and Defendants entered into an agreement whereby:

A. Plaintiff by deed transferred to the Defendants the West Half (W ½) of Section Eighteen (18), Township One Hundred Forty-eight (148), Range Sixty-two (62), Eddy County, North Dakota.

B. Defendants paid to Plaintiff the sum of $31,717.00.

C. Defendants executed an OPTION CONTRACT in favor of Plaintiff which provided that if Defendants desired to sell the above described property within five years from the date thereof, Plaintiff would have a first option to purchase the same. Said OPTION CONTRACT further provided that commencing January 13, 1977 and for a period of 90 days thereafter, the Plaintiff at his election would have the option to purchase the property for the sum of $31,717.00.

"II.

"That Plaintiff made a complete and proper election to purchase said property and tender of consideration, and was ready, willing and able to perform throughout the 90 day option in strict accordance with the terms of said OPTION CONTRACT.

"III.

"That the overall effect of the January 13, 1972 agreement was to create an equitable Mortgage on the property with Plaintiff as Mortgagor and Defendants as Mortgagees.

"IV.

"That the Defendants have been in possession of the W ½ of Section 18, Township 148, Range 62, Eddy County, North Dakota for the farming seasons 1972 through 1977 inclusive and during said period have received all income therefrom; that Defendants wrongfully held said property during the farming year 1977.

"V.

"That a reasonable cash rental for said land in 1977 would be the sum of $20.00 per acre or a total of $6,343.40."

In effect Hoyt challenges, on this appeal, findings numbered I C and II. Haugland, on cross-appeal, asserts that finding of fact number III is clearly erroneous. Haugland objects to the trial court's conclusion, from finding number III, that Hoyt is entitled to interest in the amount of $6,343.40 for the period of five years.

MOTION TO DISMISS

Haugland has made a motion to this Court to dismiss Hoyt's appeal (and with it his own cross-appeal) for failure to comply with the Rules of Appellate Procedure. In response, Hoyt contends that (1) the appeal is meritorious; (2) the rule violation has been corrected, insofar as possible; and (3) he is ready to proceed and no prejudice has resulted to Haugland.

The rule violation has been corrected and, excepting only for a 17-day delay in compliance with filing procedures, no other prejudice is shown. Counsel for Hoyt has acknowledged that the noncompliance is due solely to counsel's laxity, for which he has apologized to this Court and to the parties. Haugland has acknowledged that no prejudice has resulted. We deny the motion to dismiss. This case has been fully briefed and argued on the merits, and the refusal to dismiss is primarily an expression of our preference for deciding cases on their merits.

## MERITS

Hoyt questions the sufficiency of the evidence to establish a contract provision requiring a sale of the property at Haugland's option. The trial court found at finding I C that there was, in fact, such a contract. Our review of findings of fact is made pursuant to Rule 52(a), NDRCivP.

"A finding is 'clearly erroneous' only when, although there is some evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made." *In re Estate of Elmer,* 210 N.W.2d 815, 820 (N.D.1973).

In this case there is substantial evidence which supports the trial court's finding. All parties to the option agreement were involved in its negotiation. It is not, therefore, a "contract of adhesion"[1] and we do not construe all ambiguities against Haugland, even though his attorney acted as the scrivener. The contract here was the product of arm's-length negotiation. At trial, Duwayne Hoyt acknowledged that he understood the import and effect of the option contract. The finding that Hoyt contracted to sell the land at Haugland's option is supported by evidence and is not clearly erroneous.

Hoyt next contends that the option was not properly exercised and is, therefore, void and of no effect. He contends that the acceptance was not proper because the cashier's check was made payable to the Hoyts and to a third party, Federal Land Bank. It is argued that this method of tender added a new term and was thus only a qualified acceptance. Ordinarily, an option will not be enforced until it is accepted by the optionee, within the time and upon the terms and conditions provided in the option. *Alfson v. Anderson,* 78 N.W.2d 693 (N.D.1956); *Horgan v. Russell,* 24 N.D. 490, 140 N.W. 99 (1913). We therefore look to the terms of the option contract to determine if the acceptance complies with those terms. The contract states that the price of $31,717.00 is "to be paid in full at the time this option is exercised." This term would seem to support Hoyt's argument that tender was ineffective. However, it is undenied that (1) the Federal Land Bank was named as a payee because Hoyt had mortgaged the property to the bank; (2) a letter notified Hoyt of the availability of the cashier's check; and (3) Hoyt made no response whatsoever to Haugland's numerous indications of his intentions to exercise the option. It is additionally noted that Hoyt was only entitled to the $31,717.00 upon his furnishing an "abstract of title showing good and merchantable title free from all spread taxes, special assessments, liens and encumbrances . . . ." It is undenied that no such abstract was furnished or could be furnished without a release from the Federal Land Bank. Additionally, Hoyt's testimony indicates that he did not intend to convey, pursuant to the option, for reasons arising before the cashier's check was drawn and not relating to the additional payee name on that check.

The trial court found, as a fact, that Haugland "made a complete and proper election to purchase said property and tender of consideration . . . ." That finding is further explained by the memorandum opinion of the trial court wherein it is stated that:

"It was a proper tender. There was no objection to the form in which the tender was made. There was no attempt to even request opposing [sic] Mr. Haugland to revise the tender showing him that the West Half of 18 would, in fact be clear of the mortgage."

Section 9–12–18, NDCC, provides:

"The creditor must make objections to the mode of an offer of performance at the time it is made to him. If this is not done, any objection which could have been obviated at that time is waived by his failure to make the same."

---

1. See discussion of contracts of adhesion in *St. ex rel. Hagen, Etc. v. Bismarck Tire Ctr.,* 234 N.W.2d 224, 225 (N.D.1975).

See, also, *Kuhn v. Hamilton,* 117 N.W.2d 81 (N.D.1962), and *Kuhn v. Hamilton,* 138 N.W.2d 604, 608 (N.D.1965); *Kern v. Kelner,* 77 N.D. 948, 48 N.W.2d 90, 106 (1951); *Ugland v. Farmers' & Merchants' State Bank,* 23 N.D. 536, 137 N.W. 572 (1912).

■ The finding of fact is supported by evidence and is not clearly erroneous. Because there was no timely objection to the tender, it became a proper tender as a matter of law.

## CROSS-APPEAL

■ Haugland argues that finding number III, that an equitable mortgage was created by the parties' transaction, is clearly erroneous. We agree.

Except for the option contract, the facts of this case are strikingly similar to those in *Ginter v. Ginter,* 63 N.W.2d 394, 396 (N.D. 1954). There, this Court said:

"In considering whether a deed was executed for purposes of a sale or for purposes of security, and therefore a mortgage, the essential thing is to determine the intention of the parties at the time of the transaction." [Citations omitted.]

In *Ginter,* and in the instant case, both parties to the transaction testified that a sale took place. It is undisputed that Haugland originally sold to Hoyt because he was in danger of losing his property and had serious need of financing. Notwithstanding this, all the formalities for a sale were completed in 1972. Hoyt went into possession, as owner, in 1972. Hoyt treated the property as his own to the extent of paying taxes and mortgaging it. There is no testimony which supports a finding that an equitable mortgage, not a sale, was intended.

■ The trial court committed clear error in finding that an equitable mortgage was created on January 13, 1972. Because there was no equitable mortgage, it was likewise error for the trial court to conclude that interest on that mortgage, for a period of five years, in the amount of $6,343.40, was due to Hoyt from Haugland.

## CONCLUSION

The motion to dismiss the appeal is denied. The judgment is reversed only insofar as it allows Hoyt interest in the amount of $6,343.40, otherwise it is affirmed. This case is remanded for judgment in conformance with the opinion.

ERICKSTAD, C. J., and PAULSON, SAND and VOGEL, JJ., concur.