**Richard E. MASON and Judith Mason, Plaintiffs and Appellees,**

v.

**Marlan HAAKENSON, Defendant and Appellant.**

**Civ. No. 9869.**

Supreme Court of North Dakota.

March 25, 1981.

Pearce, Anderson & Durick, Bismarck, for plaintiffs and appellees; argued by B. Timothy Durick, Bismarck.

Baer & Asbridge, Bismarck, for defendant and appellant; argued by Darold A. Asbridge, Bismarck.

ERICKSTAD, Chief Justice.

This is an appeal by the defendant, Marlan Haakenson, from the judgment of the District Court of Burleigh County, dated September 9, 1980, ordering Haakenson to execute and record a proper release of the option he caused to be recorded against property of the plaintiffs, Richard E. Mason and Judith Mason (hereinafter the Masons), in the office of the Burleigh County Register of Deeds.

The Masons and Haakenson entered into an option agreement, dated September 22, 1979, under which Haakenson, for the sum of $50.00 was given an option to purchase certain property owned by the Masons for the sum of $120,000.00. Although the legal description of the property is lengthy and rather complex, the option agreement purported to involve approximately 2.39 acres. The option agreement expressly provided that time was of the essence and that Haakenson was entitled to exercise the option only until 12 o'clock noon on October 31, 1979. The option agreement also included the following specific provisions regarding the manner of exercising the option to purchase:

"This Option may be exercised at any time prior to the expiration hour and date recited herein by Marlin Haakenson by giving written notice to Richard E. Mason and Judith Mason, exercising said Option, and by the payment of the purchase price in full prior to said expiration. In the event the Option is exercised, Richard E. Mason and Judith Mason agree to convey the above-described property by Warranty Deed showing good and merchantable title in themselves, free and clear of all encumbrances as of the date of closing, and in any event, Marlin Haakenson shall not be obligated to make

the payment required hereunder to exercise this Option unless and until he has had presented to him a current, up-to-date Abstract of Title showing good and marketable title in Richard E. Mason and Judith Mason free and clear of all encumbrances. In the event Marlin Haakenson should have an objection to title, said objections shall be set forth specifically, in writing, and Richard E. Mason and Judith Mason shall have a period of at least thirty (30) days in which to cure any defect in title, and after evidence that said defect has been cured has been presented to Marlin Haakenson, Haakenson shall have a period of five (5) days thereafter in which to make the required full payment. It is also provided herein, however, that in case there should be any delay on the part of Richard E. Mason and Judith Mason in perfecting the title to the above property for more than thirty (30) days after notice of the election of Marlin Haakenson hereof to purchase the said property, then and in that case, Marlin Haakenson, in his discretion, may forthwith cancel this Option and receive back the consideration he has paid therefor, or in his discretion may extend the time until said title has been perfected."

Upon examining the records in the office of the Register of Deeds, Haakenson's attorney determined that the Masons only owned approximately 1.6 acres plus a reversionary interest in .2 acres of property rather than owning the approximate 2.39 acres described in the option agreement. Haakenson's attorney, Norlyn E. Schulz, drafted a letter to the Masons on Haakenson's behalf, which was delivered to the Masons on October 31, 1979, and Haakenson asserts that his letter constituted an exercise by him of his option to purchase the Masons property. The Masons assert that Haakenson did not exercise his option to purchase by the October 31, 1979, letter, and they further assert that such letter constituted a mere counteroffer by Haakenson which they did not accept.

Subsequent to the foregoing events, Haakenson recorded the option agreement in the office of the Burleigh County Regis-

ter of Deeds. On December 18, 1979, the Masons filed an action in the District Court of Burleigh County requesting the court to order Haakenson to execute a release of the recorded option agreement. Haakenson filed a counterclaim requesting the court to grant him specific performance of the option agreement. The district court determined that Haakenson had failed to exercise his option within the time period specified by the option agreement, and, accordingly, the court entered a judgment ordering Haakenson to execute a release of the recorded option agreement. Haakenson has appealed from the district court judgment to this Court.

The sole issue raised before this Court on appeal is whether or not the district court erred in its determination that Haakenson failed to properly exercise his purchase option within the time period specified under the option agreement.

An option agreement is a contract by which the owner of property gives another the right to buy the property at a fixed price within a specified time on agreed terms. *Holien v. Trydahl*, 134 N.W.2d 851 (N.D.1965). To obtain an enforceable right to the property, the optionee must exercise the option within the time and upon the terms and conditions provided in the option agreement. *Haugland v. Hoyt*, 267 N.W.2d 803 (N.D.1978). "... any counter proposition or any deviation from the terms of the offer contained in the acceptance is deemed to be in effect a rejection, and not binding as an acceptance on the person making the offer, and no contract is made by such qualified acceptance alone." *Beiseker v. Amberson*, 17 N.D. 215, 116 N.W. 94 (1908). *See also, Greenberg v. Stewart*, 236 N.W.2d 862 (N.D.1975).

The option agreement in the instant case expressly provided the manner by which Haakenson was required to exercise his option. The agreement required that prior to 12 o'clock noon on October 31, 1979, Haakenson must give written notice to the Masons exercising said option and must also make payment of the $120,000.00 purchase price. The option agreement provided conditions upon which Haakenson could proper-

ly delay payment of the purchase price; thus, Haakenson was not required to make payment until he had been presented with a current up-to-date Abstract of Title showing good and marketable title in the Masons, and, in the event Haakenson had an objection to the Masons title, he was not required to make payment of the purchase price until five days after the Masons had cured any defect in title. It is of crucial importance, however, that the option agreement did not provide any conditions upon which Haakenson was entitled to delay giving written notice of his exercise of the purchase option subsequent to the October 31, 1979, deadline.

Haakenson asserts that he provided such written exercise of his purchase option by the October 31, 1979, letter. The relevant parts of the letter state as follows:

"Thus, it is quite obvious that Marlan Haakenson is not purchasing the 2.39 acres as was originally contemplated in the option agreement but instead would purchase only that land which the Masons have title which amounts to approximately 1.6 acres plus the reversionary interest from the road vacation.

"In order to eliminate any problems which are created by the lesser acreages as set out above, we would suggest one of the following two alternatives as a solution to the matter and which should be discussed with your attorney and accountant to determine the most feasible method for your benefit:

\* \* \* \* \* \*

"Finally, in the interest of carrying out the terms of the option agreement, we would appreciate if the abstracts were brought down for that property as is owned by Richard E. Mason and Judith Mason and that proper descriptions for these areas be furnished.

\* \* \* \* \* \*

"We certainly do appreciate your courtesies which you have extended in this matter and appreciate your consideration of using a contract for deed which would call for a $25,000.00 down payment, interest at 12% on the remaining balance with a $1,000.00 monthly payment for a six to ten year period at which time the remaining balance would balloon and then be payable in full.

"Again, your consideration of these comments is very much appreciated by the buyer." [1]

Having examined the letter to determine its legal effect, we agree with the district court's conclusion that it did not constitute an exercise by Haakenson of his option to purchase the Masons property, but instead constituted two alternative counteroffers to purchase the property. Upon expiration of the option period Haakenson no longer possessed a contractual right to purchase the property, and Haakenson has failed to demonstrate any legal grounds which would entitle him to exercise his purchase option subsequent to the October 31, 1979, expiration date provided under the option agreement.

In accordance with this opinion, the decision of the district court is affirmed.

SAND, PAULSON, PEDERSON and VANDE WALLE, JJ., concur.

---

1. Relevant to the two alternative counteroffers is the following additional language from the letter:

"1. Because of the lesser acreages, the purchaser has encountered problems relative to obtaining a loan on the herein described property particularly since it has been determined that the acreage has been reduced from 2.39 acres to 1.6 acres. The problem with the reduced acreage coupled with the current financial climate of the banks creates almost an insurmountable problem for anyone to obtain a loan on purchase of rental property such as this. Accordingly, we would very much appreciate your considera-

tion of taking a contract for deed under the terms of the option which would call for a down payment of $25,000.00 and the balance paid with interest at 12% in monthly installments of $1,000.00 per month for a period of six to ten years whereupon the remaining balance would then balloon and the total amount would become payable to each of you respectively....

"2. As an alternative, the buyer would also entertain any thoughts and suggestions that the sellers may have relative to a proportionate reduction in price since the acreage has been reduced from 2.39 acres to 1.6 acres."