**STATE of North Dakota, Plaintiff and Appellant,**

v.

**James RONNGREN and Judy Ronngren, Defendants and Appellees.**

Cr. Nos. 1025, 1026.

Supreme Court of North Dakota.

Oct. 30, 1984.

Robert J. Udland, Asst. Atty. Gen., Bismarck, and Charles J. Gilje, States Atty., Jamestown, for plaintiff and appellant; argued by Robert J. Udland, Bismarck.

Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for defendants and appellees; argued by Cecelia Ann Wikenheiser, Jamestown.

PEDERSON, Justice.

James and Judy Ronngren, having waived jury trial, were convicted on charges of possession of a controlled substance with intent to deliver in violation of § 19–03.1–23(1), NDCC, a felony. They have appealed and we have not yet ruled thereon. After the conviction and without any further evidentiary hearing, the trial court ordered the immediate return of "all monies confiscated." The State, through the attorney general, appealed that order. We reverse and remand.

The Ronngrens were originally charged after a search of their home pursuant to a search warrant. During the search, the State seized, among other items, $1,835.00 in cash.

At the preliminary hearing an officer who participated in the search (Sohm), testified that James told another officer (Murphy) during the search that the cash was from the sale of marijuana. Sohm also testified that, after the search, Judy told him that she could prove that the cash was from an insurance settlement. Before ruling on the disposition of this cash, the trial judge said he had read the preliminary hearing transcript.

At a hearing on James' and Judy's motion to suppress evidence, both Officers Sohm and Murphy testified that James had said that the cash was the profits from drug sales. James testified at this hearing that he did not make that statement.

At the trial itself, three officers (Sohm, Murphy and Miller) testified that James said that the cash was from drug sales. No one testified that James did not make that statement. Pictures of the cash were offered and, without objection, received but the cash was not offered as evidence. During this trial, the judge stated:

"... the money that was recovered basically was the money used by various people to buy the marijuana from the Ronngrens."

After their conviction James and Judy, through their trial counsel (Mackenzie) filed an "Application to apply confiscated monies to attorney's fees." The State resisted. Oral arguments were heard in which the states attorney (Gilje), trial counsel (Mackenzie), and appellate counsel (Wikenheiser) participated. No testimony was heard and no affidavits were produced at this proceeding. The trial judge ruled:

"... some of the money is possible more than likely from the sale of drugs, it appears to me that a good share of it is not and I don't think that I am in a position to divide it. So I will authorize the return of that money."

The Ronngrens have not made a motion that we dismiss the State's appeal but argue that because the State failed to file the statement required by § 29–28–07(5), NDCC, dismissal is necessary. The State contends that appeal is authorized by § 29–28–07(4), NDCC and that § 29–28–07(5) has nothing to do with the return of confiscated "drug money."

The pertinent parts of § 29–28–07 provide:

"An appeal may be taken by the state from:

"4. An order made after judgment affecting any substantial right of the state.

"5. An order granting the return of property or suppressing evidence, or suppressing a confession or ad-

mission, when accompanied by a statement of the prosecuting attorney asserting that the deprivation of the use of the property ordered to be returned or suppressed or of a confession or admission ordered to be suppressed has rendered the proof available to the state with respect to the criminal charge filed with the court, (1) insufficient as a matter of law, or (2) so weak in its entirety that any possibility of prosecuting such charge to a conviction has been effectively destroyed. The statement shall be filed with the clerk of district court and a copy thereof shall accompany the notice of appeal."

■ There was no statement by the prosecuting attorney accompanying the notice of appeal or thereafter. Because the Ronngrens have been convicted, a statement as contemplated by § 29–28–07(5), if made now, would be absurd. "We have held repeatedly that statutes must be construed to avoid ludicrous and absurd results." *State v. Jelliff*, 251 N.W.2d 1, 7 (N.D.1977). We conclude that the failure to make the statement (sometimes called the "Dilger statement" after *State v. Dilger*, 322 N.W.2d 461 (N.D.1982) for convenience) is not grounds for dismissing the State's appeal in this case. We agree with the State that this appeal is authorized by § 29–28–07(4), NDCC.

Rule 41(e), NDRCrimP provides in pertinent part that:

"A person aggrieved by an unlawful search and seizure may move the trial court for the return of property on the ground of being entitled to lawful possession of the property illegally seized. The judge shall receive evidence on any issue of fact necessary to the decision of the motion...."

The explanatory note to Rule 41(e) explains that the property should be returned if (1) the person is entitled to lawful possession, and (2) the seizure is illegal, and adds: "However, property which is considered contraband does not have to be returned even if seized illegally."

In *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), the court said that if the property is only "derivative contraband," that is, that it only becomes contraband by its use, it should ordinarily be returned if it was illegally seized. See 68 Am.Jur.2d Searches and Seizures § 117.

■ Forfeitures are not favored. Contract law provides that: "A condition involving a forfeiture must be interpreted strictly against the party for whose benefit it is created." Section 9–01–15, NDCC. See *St. Ex Rel. Hagen, Etc. v. Bismarck Tire Ctr.*, 234 N.W.2d 224 (N.D.1975); 17A CJS Contracts § 320. Many courts have applied similar standards to statutes which impose forfeiture. 37 CJS Forfeitures § 4(b).

Chapter 19–03.1, NDCC is labeled "Uniform Controlled Substances Act." Until the repeal of § 19–03.1–42 by S.L.1983, Ch. 82, § 154, we were directed to apply and construe the Act as to effectuate its general purpose and make uniform the law with respect to controlled substances among the states which enact it. The motive of the Legislature in repealing § 19–03.1–42 is unclear.

The Uniform Controlled Substances Act provides for forfeitures of specific items in § 505 relating to controlled substances. It does not include "money" specifically. See 9 Uniform Laws Annotated, Master Edition, at 611 and following.

The Alabama court in *Jackson v. Evans*, 379 So.2d 1236 (Ala.1980) held that forfeitures must be strictly construed, and thus returned $15,600 cash seized during the search of Jackson's car because the forfeiture statute did not specifically enumerate money as an item subject to forfeiture.

■ The Illinois Appellate Court in *People v. Anderson*, 74 Ill.App.3d 363, 30 Ill. Dec. 173, 392 N.E.2d 938 (1979), and *People v. Snyder*, 52 Ill.App.3d 612, 10 Ill.Dec. 299, 367 N.E.2d 752 (1977), applied a forfeiture provision in the Illinois controlled sub-

stance statute which specifically enumerated money as an item subject to forfeiture, and reached several conclusions that are pertinent to our decision: (1) forfeiture proceedings are in rem and are considered civil in nature; (2) the state must prove its right to the property by a preponderance of evidence, not beyond a reasonable doubt; (3) after the state has demonstrated that the money is connected to the offense (prima facie), the defendant has the burden to show what portion of the money seized was not related to the violation.

The North Dakota version of forfeitures in drug cases is unlike the Uniform Controlled Substances Act and the Alabama statute in that it specifically identifies money as an item subject to forfeiture, much like the statutes of Illinois. We believe that the distinctions and standards identified in the Illinois cases are sound and we adopt them as our guidelines.

Because no one urged the trial court to "receive evidence" at the hearing on the Ronngrens' motion for return of the seized money as referred to in Rule 41(e), NDRCrimP, we assume that the parties are satisfied that all evidence had already been heard by the trial judge. We assume, further, that the parties do not object to the absence of specific findings of fact and separately stated conclusions of law as are required by Rule 52(a), NDRCivP, in all civil fact-finding situations.

Considering the order signed and the oral statements made by the trial judge, it is our conclusion that the court erred in giving the Ronngrens the benefit of the lack of evidence to prove what portion of the seized money was not related to the offense. Because the State had proved a prima facie case that the money was profits from drug sales, the burden to show that some or all of the money was from an insurance settlement was on the Ronngrens. They failed to bear that burden.

The order is reversed and set aside and the matter is remanded with directions that the court order the forfeiture of the $1,835.00 to the State.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.